## JOHN M. HARTNETT, Plaintiff in Error, *v.* MARIA BALL, Defendant in Error.

### ERROR TO LAKE.

Although an absolute conveyance may be shown by parol testimony to have been given as a security only, yet such evidence must be so strong as to overcome all doubts, before the court will so decree.

At February term, 1858, of the Lake Circuit Court, Man-ierre, Judge, presiding, a final decree was entered in this case, dismissing plaintiff's bill with costs.

The pleadings and facts are sufficiently stated in the opinion of the court.

C. C. Parks, for Plaintiff in Error.

Frazer & Clarke, for Defendant in Error.

Breese, J. The bill states the loan of $212, at 12 per cent. interest, and the execution and delivery of an absolute deed by one Shartswell to defendant, and of the tender afterwards in 1850, about one year or a little more, of $250, and a demand by Shartswell of a re-conveyance which was refused. Complainant in possession since his purchase from Shartswell, who left his wife in possession on his departure for California in 1849.

Answer of defendant denies in the most positive manner the loan, and insists it was an absolute sale of the premises for $212, which was the full value thereof at the time. That she paid $100 down, and gave her note for the balance, which she paid a few months thereafter; denies that Shartswell was to remain in possession, and denies she was to reconvey on payment of $212 and twelve per cent. interest, or for any other sum; alleges after Shartswell left for California, his family remained in the house but a few weeks; that defendant held the property, receiving the rents for it, made repairs and valuable improvements on it, and paid all the taxes from 1849 until September, 1855, when Shartswell being in possession, sold to complainant, and put him in possession he having full knowledge that Shartswell was only the tenant of defendant, and had full notice of defendant's title; denies any tender of any money at any time by Shartswell, or any one else for him; denies the demand of a deed from her, and denies the refusal of any money, or refusal to make a conveyance; denies that Shartswell ever offered to pay her $212, and twelve per cent. interest, or any other principal sum, or any other interest. Also denies that complainant has ever offered to pay $212, and twelve per cent., or any other sum; and denies ever refusing to receive it, or that she ever had a chance to accept or refuse; and denies the demand of a deed by complainant, etc.; denies Shartswell's possession, and avers that soon after her purchase she took peaceable possession of the property, and from that time until Shartswell's release to complainant, her possession continued peaceable, but admits since Shartswell's release com-

plainant has been in possession without interruption ; denies that Shartswell has paid any taxes on the property, except on account of rent. Admits the value to be now $1,500, and denies every material allegation of the bill charging her.

General replication to answer, and notice to dissolve injunction. Case heard on proofs, and injunction dissolved, and bill dismissed.

The testimony is somewhat conflicting, but taking the whole together in connection with Shartswell's letters to the defendant, the testimony of Dowst, one of complainant's principal witnesses, that he himself offered defendant's agent $350 for the property, and the testimony of B. W. Barnes, who appears wholly disinterested, that Shartswell told him he had sold the property out and out to defendant, and from what he had heard since he came back from California, he could buy it back, but that he did not want to, as he thought he could do better with his money, and that defendant is proved not to be a person who loaned money, we think the weight of the evidence preponderates greatly in favor of the opinion that it was an absolute sale as the deed purports, by Richard Shartswell to Maria Ball, and that there is no equity in the complainant's bill. He bought the chance for two hundred dollars, knowing all the facts.

We are in favor of affirming the decree. It is quite likely defendant would have permitted Shartswell to re-purchase in a reasonable time, as she was ignorant of the changes such property, near a flourishing city, undergoes, but when it was rising rapidly in value, she had a right to retract and hold on. The whole case shows an absolute sale, and not a loan and mortgage.

The decree is affirmed.

*Decree affirmed.*